IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CECIL WALTER MAX-GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2264 |
| | § | |
| HOUSTON POLICE DEPARTMENT, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Cecil Walter Max-George filed this *pro se* section 1983 lawsuit against the Houston Police Department and four police officers in their individual capacity for the officers' alleged use of excessive force during his arrest. The Court has reviewed the complaint and pending motions, and orders as follows.

### *Preliminary Injunctive Relief*

Plaintiff seeks an immediate injunction "against the Defendants from continuing a practice or pattern of racially profiling Black Men for enforcement at rates twice as high as their population," and "against the Defendants from continuing the practice, custom, or unwritten policy of tolerating and encouraging excessive use of force against Black men, and HPD's failure to investigate and discipline their officers, when there is no apparent threat to the officer." (Docket Entry No. 1, p. 13.) The Court construes this request for an "immediate injunction" as a request for temporary or preliminary injunctive relief.

To obtain a preliminary injunction, a movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Plaintiff states in his complaint that on July 20, 2015, defendants stopped him in his vehicle on an open warrant for his arrest. The officers informed plaintiff that he was under arrest, but he responded that he would need to call his parole officer and verify the warrant first. Plaintiff refused to exit his vehicle, and the officers were compelled to enter the vehicle in order to remove him. Plaintiff's allegations in his complaint clearly show that he resisted the officer's efforts to remove him. He admits to "holding on to the inside of the driver's headrest, so as not to be dragged out feet first," and telling one of the officers to "get your whiteass [*sic*] away from my window." Plaintiff complains that the officers struck him and "tasered" him when he tried to put his legs under his body, and he was ordered to stop resisting.

The officers were able to remove plaintiff from the car and placed him handcuffed in a patrol car. He states that an ambulance appeared at the scene, but that he did not get to speak with emergency personnel regarding his injuries. Plaintiff alleges that he sustained

2

bruising, a bloody nose and lip, a cut to his ear, scrapes on his back, and "taser marks." He was taken to the jail and given medications by medical staff.

Criminal charges were brought against plaintiff for his assaulting and causing bodily injury to police officer D.W. Duval during the arrest and retaliating against him. A jury subsequently found plaintiff guilty of assault of a public servant with bodily injury and retaliation, and the court sentenced him to fifteen years' incarceration. Plaintiff does not allege that the conviction has been reversed, set aside, or otherwise judicially called into question. Plaintiff names Duval as a defendant in this lawsuit.

Plaintiff does not meet his burden of proof for warranting preliminary injunctive relief. Moreover, the requested injunctive relief greatly exceeds any relief to which plaintiff might be entitled. Plaintiff acknowledges that he was stopped by the police officers under an open warrant for his arrest, and that he verbally and physically refused to cooperate with their instructions to exit his vehicle. His complaint further shows that he resisted their efforts to remove him from the car, and that the officers had to forcibly remove him. Nothing in the complaint shows that plaintiff was "racially profiled" by the police, or that the officers tolerated or encouraged use of excess force and the police department failed to investigate the officer's actions or impose disciplinary actions as necessary. To the contrary, plaintiff acknowledges that he was found guilty of assaulting Duval and causing him bodily injury during the arrest. Plaintiff further acknowledges that the police department opened an investigation based on plaintiff's complaints of excessive force. Plaintiff's allegation that

3

he did not receive any written results of the investigation does not warrant a preliminary injunction of the nature and extent requested here. Moreover, plaintiff has been convicted, sentenced, and imprisoned; his current circumstances evince no need for the requested preliminary injunctive relief at this time.

Plaintiff's pleadings fail to show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. For these reasons, preliminary injunctive relief is DENIED.

### *Claims for Monetary Relief Against D.W. Duval*

Plaintiff seeks monetary damages and declarative relief against Duval in his individual capacity. Plaintiff claims that Duval used excessive force during his arrest. However, plaintiff was convicted of assaulting Duval during the arrest and causing him bodily injury.

It is well-settled under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), that when a criminal defendant brings a section 1983 case against his arresting officers, the district court must first consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying criminal conviction. If so, the claim is barred unless the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. If plaintiff does not meet that burden, then the court must dismiss the claim. *See Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

A judgment against Duval in favor of plaintiff for use of excessive force during his arrest would necessarily imply the invalidity of plaintiff's conviction for assaulting Duval and causing him bodily injury during the arrest. Plaintiff does not allege, and public court records do not show, that plaintiff's conviction has been reversed, expunged, declared invalid, or otherwise called into question by a federal court. Accordingly, plaintiff's claims against Duval are barred by *Heck* at this time and must be dismissed.

### *Pending Motions*

Plaintiff's motion to recuse the undersigned judge under 28 U.S.C. § 455(b) (Docket Entry No. 17) is DENIED. Plaintiff's claims of personal bias and lack of impartiality on the part of this Court are conclusory and unsupported. Moreover, this Court did not knowingly interfere with plaintiff's other civil case, *Max-George v. The Hon. Justices of the Texas Court of Criminal Appeals*, C.A. No. H-17-3795 (S.D. Tex.). To the contrary, that case was dismissed by Chief United States District Judge Lee H. Rosenthal on January 12, 2018, for plaintiff's failure to state a viable claim. Nor does plaintiff present any extrajudicial sources that call into question the undersigned's impartiality as to this lawsuit. In short, no meritorious grounds for recusal are shown.

Plaintiff's motion for the Court to serve process on the defendants (Docket Entry No. 18) is DENIED at this time, subject to the Court's determination that plaintiff has pleaded one or more colorable claims for relief that should be allowed to go forward.

### *Conclusion*

The Court ORDERS as follows:

(1) Plaintiff's request for preliminary injunctive relief is DENIED.

(2) Plaintiff's claims against D.W. Duval are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met.

(3) Plaintiff's motions for recusal (Docket Entry No.17) and for the Court to serve process (Docket Entry No. 18) are DENIED.

This is an INTERLOCUTORY ORDER.

Signed at Houston, Texas on April 11, 2018.

Gray H. Miller
United States District Judge